FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

MAY 29 2009

JAMES N. HATTEN, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE JAMES TERRELL, JR., GDC No. 0610258, Plaintiff, | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:08-CV-3931-TWT |
| GRADY MEMORIAL HOSPITAL, et al., Defendants. | |

## ORDER AND OPINION

Willie James Terrell, Jr., is an inmate in the Fulton County Jail. Terrell filed an eight-page Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1)[1] and appended 127 pages of supplementary material (Doc. 1, Parts 2-5). Terrell also filed an Affidavit and Authorization for Withdrawal from Inmate Account (Doc. 2) and was granted leave to proceed *in forma pauperis* (Doc. 3). This Court administratively closed (Doc. 6) another of Terrell's cases – 1:09-CV-706 – and consolidated his five-page complaint and 222 pages of supplementary material (Doc. 7) in this case. Terrell later filed another 278 pages of material. (Docs. 8 & 9). For the reasons set forth below, both of Terrell's complaints are dismissed.

---

[1] This is one of four civil rights actions that Terrell filed between December 30, 2008, and March 13, 2009. *See also Terrell v. Fulton County Comm'rs Office*, Civ. No. 1:09-CV-243; *Terrell v. Fulton County*, Civ. No. 1:09-CV-513; and *Terrell v. Fulton County*, Civ. No. 1:09-CV-706.

AO 72A
(Rev.8/82)

Federal district courts must screen every "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. Terrell seeks relief under 42 U.S.C. § 1983. To state claims under § 1983, Terrell must allege that a person acting under color of state law acted or omitted to act in a way that deprived Terrell of a right, privilege, or immunity secured under the Constitution or a statute of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). To survive review, Terrell's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). At this preliminary stage, Terrell's allegations are taken as true and, because he is a *pro se* plaintiff, construed liberally. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).

The Plaintiff has submitted 640 pages of documents as his complaint. Terrell complains principally about events that occurred in March and April 2006, when he was arrested, a search warrant was issued and executed, and he was brought before a Fulton County judge. Terrell alleges that the police denied him "medical treatment, food, drink, restroom usage, family, and or consultation by

2

attorney" until after he was questioned (Doc. 1 at 3), and Terrell alleges that the judge denied him medical treatment until after he pled (Doc. 7 at 4). Terrell also alleges that various medical records were falsified and/or destroyed (Doc. 1 at 3). Terrell seeks, among other relief: "[An] investigation head[ed] from Washington, D.C., United States Department of Justice Federal Bureau of Investigation[] Public Corruption Unit and Civil Rights Criminal Investigations Unit [and] [d]ismissal of all charges" (Doc. 1 at 4); and "federal protective custody at a federal safe house," together with damages from March 16, 2006 forward at the rate of "$1 million dollars U.S. currency per day," now totaling well over One Billion Dollars (Doc. 7 at 5).

Terrell's claims arose more than two years before he signed his first complaint on November 21, 2008 (Doc. 1). "[I]t is well settled that § 1983 actions filed in Georgia are governed by Georgia's two-year statute of limitations for personal injury claims." *Thomas v. Lee*, 298 F. App'x 906, 908 (11th Cir. 2008) (citing *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986)). Terrell's claims are time-barred and thus fail to state a claim upon which relief may be granted. *See, e.g., Allen v. King*, 279 F. App'x 847, 848 (11th Cir. 2008) (affirming district court's *sua sponte* dismissal for time-bar).

3

Terrell's complaints (Docs. 1 & 7) are **DISMISSED**. The letter docketed by the clerk as a motion for temporary injunction and temporary restraining order (Doc. 5) and Terrell's Application for Injunction by Restraining Order & Declaration (Doc. 11) are **DENIED** as moot.

**IT IS SO ORDERED**, this 27 day of May, 2009.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

4